Per Curiam.
In this case, one Ball gave his negotiable note to the defendant for $490, who endorsed it to the plaintiff for the consideration of $150 cash down, and the plaintiff’s own note for the balance. The action is against the defendant as endorser, who defends on the ground that the note, being void for usury as against Ball, is also void in the hands of the plaintiff. The latter insists that the note having been transferred to him bona fide, while the 1 R. S. 772, § 5 was in force, he is not affected by the usury. To this it is answered that though the transfer may have been bona fide as to the $150, yet it is not so as to the balance; and on this question under the statute the argument proceeded at the bar.
We are of opinion that the statute has no connection with the case. The defendant is not sued as maker; and neither under the statute, nor any other law, is it competent for him to say that his endorsement is invalid. This was a new contract made for a valuable consideration as between him and the plaintiff What is equitably due may be inquired into; but the *493 defendant is estopped from setting up usury. This has repeatedly been held as to negotiable paper given to secure a gaming debt, which stands on the same footing with usurious paper. In Edwards v. Dick, (4 Barn, & Ald. 212,) the action was against one who had taken a bill for a gambling debt, and. endorsed it to the plaintiff for a valuable consideration. He was held estopped to say it was void. Abbott, Gh. J., adverting to usurious contracts, said, there was no case upon the statute of usury denying that a holder for valuable consideration may sue his immediate endorser. The material cases both on the statute of usury and gaming, are cited and commented upon by him. The debt arises upon an independent contract. The endorser does what is equivalent to the drawing of a new bill, on a new consideration moving from a stranger to the usurious transaction. The contents of the paper are referred to merely to fix the amount due; and the endorsee must in such cases be considered a bona fide holder where the transfer is not intended by him to carry out the original usurious transaction. Mr. Ghitty, speaking on this subject, says: “ At all events, in all cases, an innocent bona fide assignee may sue his immediate endorser on the bill, though he could not sue the drawer or acceptor, because such action would not necessarily give effect to the usurious bargain which it is the object of the statute to prevent.” (Chitt. on Bills, 109, Am. ed. of 1839.) Ord says, that “ though a bill given on an usurious consideration to the lender of the money, and afterwards endorsed over to a person who is ignorant of the usury, for a valuable consideration, is void between the endorsee and the drawer, it should seem to be good between the endorsee and payee or endorser.” (Ord on Usury, 109.) And though there were no cases ip his time directly to the point, he was able to cite Hussey v. Jacob, (Com. Rep. 4,) on the statute of gaming; and the authorities cited by Ghitty will be found to remove all doubt. The case put by Ord is the exact case at bar. The defendant has endorsed for valuable consideration, viz. the plaintiff’s money and note, who was ignorant of the usury. It may be admitted that, had Ball the maker been sued, we should have been bound to restrict the recovery to the $150 *494 paid. Yet that by no means follows as to the defendant. He took money in part, and the plaintiff’s note for the balance, for which he endorsed the note in suit. It was an exchange of securities, and had the whole consideration been paid by the plaintiff’s note alone, the transaction would clearly have been valid. A fortiori, where part consists of money and the balance in a note.
The verdict was right, and the motion for a new trial should therefore be denied.
New trial denied.